UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD SMITH,                            Case No. 1:14-cv-969

      Plaintiff,                       Beckwith, J.
                                       Bowman, M.J.
   v.

CAROLYN COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Gerald Smith filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents four claims of error for this Court's review. For the reasons explained below, I conclude that this case should be AFFIRMED because the finding of non-disability is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In February 2010, Plaintiff filed a previous application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he became unable to work as of April 2009. (Tr. 70). The SSA denied his claims initially and on reconsideration (Tr. 71). Mr. Smith requested a hearing, and in August 2011 Administrative Law Judge Larry Temin ("ALJ Temin") held a hearing on his claims. Thereafter, ALJ Temin rendered a decision in September 2011, finding that Plaintiff, despite numerous severe impairments, had the residual functional capacity ("RFC") to

1

perform a restricted range of light work, encompassing a significant number of jobs in the national economy. (Tr. 70-82).

Plaintiff did not appeal ALJ Temin's decision, but instead again filed applications for DIB and SSI in March 2012, and again alleged disability as of August 2009. (Tr. 200-212). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On August 20, 2013 an evidentiary hearing was held, at which Plaintiff was not represented by counsel. (Tr. 35-66). At the hearing, the ALJ heard testimony from Plaintiff and George Coleman, an impartial vocational expert. On January 13, 2013 ALJ Peter Boylan denied Plaintiff's applications in a written decision. (Tr. 19-28).

Plaintiff was 48 years old at the time of the administrative hearing and 49 years old when ALJ Boylan issued his decision. He attended school through ninth grade, and he worked as a short-order cook at various times from 1999 to March 2009. (Tr. 235). In January 2009, Plaintiff was attacked and robbed. During the attack, his elbow was injured and required surgery to implant a metal plate and screws in his arm. His right shoulder was also injured in the attack. He alleges disability based primarily on these injuries.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had only one severe impairment: major joint dysfunction. (Tr. 22). The ALJ concluded that this impairment did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work with the following exceptions:

> He can push/pull overhead controls with the right upper extremity occasionally, with the right upper extremity being the dominate upper extremity. He can occasionally lift overhead and with the right upper extremity. He can occasionally perform overhead work with the right upper extremity. He is unable to climb ladders, ropes, and scaffolds, and can crawl only occasionally.

(Tr. 23). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform his past relevant work as a short order cook. (Tr. 27). The ALJ also made an alternative finding, consistent with the VE's testimony, that Plaintiff could perform other jobs existing in significant numbers in the national economy. (Tr. 27). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. (Tr. 28).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) failing to apply *Drummond* and applicable agency regulations; 2) failing to provide a fair hearing to an unrepresented claimant; 3) failing to properly consider new evidence of limitation of Plaintiff's right shoulder; 4) failing to properly consider all of Plaintiff's impairments. Upon careful review and for the reasons that follow, the undersigned finds Plaintiff's assignments of error are not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its

3

statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial

4

gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

### B. Specific Errors

*1. Drummond*

Plaintiff contends that the ALJ erred, under *Drummond v. Comm'r. of Soc. Sec.,* 126 F.3d 837 (6th Cir.1997), by failing to accept ALJ Temin's prior determination that Plaintiff was capable of performing light work.  The United States Court of Appeals for the Sixth Circuit held in *Drummond,* "the principles of *res judicata* can be applied against the Commissioner. When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 842 (citations omitted). "Absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.*

After *Drummond,* the Commissioner issued an Acquiescence Ruling mandating ALJs in Ohio (and other states within the Sixth Circuit) to follow *Drummond* by applying

5

*res judicata* to a prior assessment of a claimant's residual functional capacity and other prior findings made as part of a sequential evaluation. The Acquiescence Ruling explained:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law....

*4 AR 98–4(6), 1998 WL 283902 at *3 (June 1, 1998). Thus, under *Drummond,* "the burden is on the Commissioner to prove changed circumstances and therefore escape the principles of *res judicata.*" *Id.* at 843.

Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001). Evidence is considered "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (internal quotation marks omitted). The ALJ is not required to articulate each and every piece of evidence that was "new and material." Neither *Drummond* nor AR 96–(6) contain any formalistic requirements. Rather, so long as substantial evidence supports the current ALJ's conclusion that new and material evidence requires revision of the previous residual functional capacity the Court should affirm the ALJ's decision. *See Williams v. Astrue*, 2010 WL 503140 (E.D.Tenn.Feb.8, 2010) (failure to expressly point out which evidence was relied on was not error, where ALJ discussed evidence post-dating prior ALJ's

6

opinion); *Chandler v. Commissioner of Soc. Sec.*, 124 Fed. Appx. 355 (6th Cir.2005) (substantial evidence supported ALJ's change in Plaintiff's RFC).

Here, the ALJ properly considered whether the record contains new and material evidence of improvement. The ALJ noted that Plaintiff had received only conservative treatment since the last decision. The ALJ's decision also indicates that he considered and relied on the medical and opinion evidence of record as evidence of Plaintiff's improvement. (Tr. 88-109, 112-122, 123-132). Notably, Plaintiff does not argue that the ALJ improperly relied on these opinions.

Thus, despite Plaintiff's arguments to the contrary, the ALJ properly determined that new and material evidence of improvement existed and provided sufficient rationale for this finding. Accordingly, the ALJ's decision is substantially supported in this regard.

*2. ALJ's Duty to Develop the Record*

Plaintiff's second assignment of error asserts that the ALJ failed to develop the record as required by Agency regulations. Social Security proceedings are "inquisitorial rather than adversarial," such that an ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel,* 530 U.S. 103, 111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (citation omitted). However, ordinarily an ALJ "has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster,* 279 F.3d at 357 (citing 20 C.F.R. § 404.1517). "Only under special circumstances, when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures does the ALJ have a special duty to develop the record." *Rise v. Apfel, Comm'r of Soc. Sec.,*

7

No. 99–6164, 2000 WL 1562846, at *2 (6th Cir.2000) (citing *Lashley v. Sec. of Health and Human Services,* 708 F.2d 1048, 1051–52 (6th Cir.1983)).

Here, as noted above Plaintiff was unrepresented at the administrative hearing. Prior to agreeing to proceed without counsel, the ALJ explained to Plaintiff "you also have the right to proceed without a representative.  If you do so, I will obtain the relevant medical and non-medical records…." (Tr. 42).  Plaintiff contends that the ALJ failed to obtain such evidence.

Plaintiff asserts that "it appears that no medical records were obtained from Drake physical therapy after April 2012 or University Hospital after October 2012. Contrary to this assertion, the ALJ's decision indicates that he considered such evidence.  (*See* Tr. 25).

Furthermore, Plaintiff testified at the administrative hearing to ongoing treatment, including currently attending physical therapy, and having an appointment with an orthopedist approximately a month after the hearing. (Tr. 73-74).  However, there is no indication that such evidence in fact exists.  As noted by the Commissioner, in May 2014, Plaintiff's recently retained attorney wrote to the Appeals Council, requesting a "barcode to submit new evidence into the file" (Tr. 12); however, no evidence was ever submitted.  Moreover, in August 2014, Plaintiff's attorney submitted a brief to the Appeals Council arguing against ALJ Boylan's decision, and also explicitly stating that "[t]here is no other additional evidence at this time."  (Tr. 282-84).

In light of the foregoing, the undersigned finds that the ALJ's decision is substantially supported in this regard.

### 3. Evaluation of Plaintiff's Right Shoulder

Plaintiff's third assignment of error contends that ALJ Boylan failed to "consider new evidence of limitation to the right shoulder." Plaintiff's contention is unavailing.

Plaintiff contends that the ALJ's decision ignores significant objective findings. Namely, the evidence of muscle atrophy in the right arm due to reduced strength and use of the muscle. Plaintiff also asserts that is evidence of continued decline in the strength of the right shoulder.

Again, there is no indication from the ALJ's decision that he ignored such findings. The ALJ expressly noted the treatment notes from the Drake Center which indicated that Plaintiff had limited ability regarding range of motion and strength on tasks relating to the right upper extremity. (Tr. 26, citing Tr. 420). The ALJ further noted that this assessment is from a physical therapist, which is not an acceptable medical source. "Nevertheless, this limitation is accommodated by the residual function capacities in this decision." (Tr. 26).

As noted by the Commissioner, a state agency physician who reviewed the file in August 2012 assessed the same right shoulder limitations that ALJ Boylan included in the RFC. (Tr. 23, 118-19); ALJ Boylan afforded great weight to this assessment. (Tr. 26).  However, as noted above, Plaintiff has not argued that ALJ Boylan erred in weighing the opinion evidence.

Additionally, Plaintiff argues that the vocational expert identified 67,060 jobs nationally, and 442 in the regional area that Plaintiff can perform with the right shoulder limitations outlined in the RFC.  (Tr. 27-28, 64). As noted by the Commissioner, Plaintiff

9

does not argue that the ALJ's RFC restrictions do not address Plaintiff's limitations, instead, Plaintiff asserts that these numbers "are not generally considered significant numbers to make a denial at step five" (Doc. 11 at 9-10). Plaintiff's contention lacks merit. *See*, *e.g.*, *Thomas v.Sec'y of Health & Human Servs.*, 812 F.2d 1408, 1987 WL 36590 No. 86-1025 (6th Cir. Jan. 19, 1987) (350-400 jobs in metropolitan Detroit, 750-1,400 in Michigan, and 14,000-20,000 in national economy is a significant number)(adopting district court decision).

In sum, ALJ Boylan did not err in considering the evidence related to Plaintiff's right shoulder condition and including RFC restrictions for it that were supported by substantial evidence.

*4. Consideration of Plaintiff's Impairments in Totality*

Plaintiff's last assignment of error asserts that the ALJ failed to properly consider the limitations relating to Plaintiff's left elbow and right leg fracture. Specifically, Plaintiff contends that ALJ Temin found in 2011 that his 2009 left elbow injury and 2008 right leg fractures were severe impairments, and contends that his "left elbow and right leg are now not even mentioned in [ALJ Boylan's] decision." (Doc. 11 at 14). Plaintiff's contentions again lack merit.

Despite Plaintiff's assertion to the contrary, ALJ Boylan briefly mentioned both these conditions in his decision. (Tr. 23-24). As noted by the Commissioner, the record evidence post-dating ALJ Temin's September 2011 decision show that Plaintiff sought treatment primarily for his right shoulder, but not for his left elbow or right leg. Moreover, at the administrative hearing, when asked what medical issues prevented

him from working, Plaintiff identified only his right shoulder. (Tr. 44). Also, when later asked where he experienced "pain or physical discomfort in his body," he mentioned his right shoulder, his back (near his right buttock, where he testified that he had been shot), and his left elbow, but not his right leg. (Tr. 49).

In light of the foregoing, the undersigned finds that the ALJ properly considered Plaintiff's left elbow and right leg impairments. His decision in this regard was within that "zone of choice within which decision-makers may go either way without interference from the courts," and is supported by substantial evidence. *See Felisky,* 35 F.3d at 1035.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**: 1) the decision of the Commissioner to deny Plaintiff's DIB and SSI benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and 2) as no further matters remain pending for the Court's review, this case be **CLOSED.**

                                         /s Stephanie K. Bowman
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GERALD SMITH, | Case No. 1:14-cv-969 |
| Plaintiff, | Beckwith, J.<br>Bowman, M.J. |
| v. | |
| CAROLYN COLVIN,<br>ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).